**RECEIVED**
IN LAKE CHARLES, LA

JUL 14 2009

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | |
|---|---|
| **ROBERT LEE DOYLE** | **CIVIL ACTION NO. 08-1412** |
| **VS.** | **SECTION P** |
| **BEAUREGARD PARISH SHERIFF'S OFFICE, ET AL.** | **JUDGE MINALDI** <br> **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

*Pro se* plaintiff Robert Lee Doyle, proceeding *in forma pauperis*, filed the instant civil rights complaint on September 16, 2008. Plaintiff is confined at the Beauregard Parish Jail (BPJ), DeRidder, Louisiana and complains that he was injured when he fell in the Beauregard Parish Courthouse and that he has received inadequate treatment for the injuries he sustained in that fall. Plaintiff has sued Beauregard Parish Sheriff's Deputy Aaron P. Broussard, BPJ Warden William Galbreath, and BPJ Nurse Sharon Farquhar.[1] He prays for compensatory damages for all medical treatments and procedures, surgeries and rehabilitation, and for pain and suffering. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

## STATEMENT OF THE CASE

In his original complaint, plaintiff alleged that he was injured when he fell in the Beauregard Parish Courthouse and that he has received inadequate treatment for the injuries he sustained in that fall. Given the lack of specific information in his original complaint to support his allegations that his constitutional rights had been violated, this court issued a memorandum order [doc. 15], directing plaintiff to amend his complaint. The memorandum order advised him

---

[1] Plaintiff's original complaint also named Warden John Rainwater, former Sheriff Bolivar Bishop, and current Sheriff Rickey Moses. However, by way of amended complaint, plaintiff has dismissed his claims against those individuals.

that the conclusory allegations in his complaint failed to meet the requirements of Rule 8 of the Federal Rules of Civil Procedure which requires a plaintiff to allege specific facts which support the conclusion that his constitutional rights were violated by each person who is named as defendant. Plaintiff was also advised that he did not allege that the supervisory official named as defendant Warden Galbreath was personally involved in the act causing the alleged constitutional deprivations, or that he implemented a policy so deficient that the policy itself acts as a deprivation. Plaintiff was advised that without alleging personal involvement or policy implementation, the statements in his complaint as to this defendant were insufficient to hold the defendant liable under § 1983. Further, plaintiff was informed that his complaint failed to set forth a cause of action for denial of medical care, and that allegations of negligent conduct cannot serve as the basis for a § 1983 claim.

On May 11, 2009, plaintiff filed a response [doc. 16] to the court's memorandum order. The amended complaint provided the court with some, but in no means all, of the information requested in the memorandum order. Nevertheless, combining the information from both of plaintiff's complaints gives the court the following details on the allegations made herein. Plaintiff is a detainee and has been incarcerated in BPJ since May 31, 2007. Prior to his incarceration, plaintiff suffered from pre-existing back ailments including scoliosis, compressed discs, and advanced arthritis of the spine. He states that he was booked into BPJ on June 1, 2007, by defendant Broussard, and that Broussard was advised of his many health problems. Because of these issues, Broussard placed plaintiff on medical protective custody which means that he was in a cell with another inmate with medical problems and that he could only leave the cell when all of the other inmates were locked up so as not to pose a health risk to plaintiff.

On July 6, 2007, plaintiff appeared in court. Defendant Broussard and deputy Rosegrant escorted him to the courthouse. Broussard placed plaintiff in ankle restraints and handcuffs despite Rosegrant's and plaintiff's protests that he would not be able to walk. Rosegrant convinced Broussard to leave one of plaintiff's hands free so that he could steady himself. He alleges that the Beauregard Parish Courthouse had a wheelchair lift system but that he was made to climb the stairs to the courthouse and into the courtroom. Plaintiff contends that Broussard found "much good humor" in plaintiff's painful walk up the stairs. Plaintiff apparently made it successfully up the stairs but upon leaving the courthouse, his legs gave out and he fell down the stairs and onto the landing. He states that Broussard picked him up by the belt and forced him down the second flight of stairs. He was then taken by ambulance to Beauregard Memorial Hospital. An x-ray examination revealed the presence of a ruptured disc. A week earlier, x-rays taken at Dr. Flynn Taylor's office revealed only arthritis and scoliosis.

Plaintiff faults Broussard for the accident because Broussard had booked him into the jail and so was aware of his pre-existing ailments. Further, Broussard forced plaintiff to stand and walk down another flight of stairs after the fall.

Plaintiff was treated and returned to jail. He has been confined to a wheelchair in constant pain since. He contends that prior to the accident, he was still able to walk although not very well. A subsequent M.R.I. revealed two herniated discs which he claimed were caused by the fall. In his original complaint, plaintiff complained that he is "still being treated by Charity Hospitals when [he] could have [his] surgery elsewhere . . . ." Doc. 1, at 4. He also stated was scheduled to see a neurologist at the L.S.U. Medical Center in Shreveport in November. Plaintiff claimed that "the jail is assuming responsibility as they have paid for my M.R.I. scans and doctor visits, but I feel I am owed much more in the effect of medical care, surgery, rehabilitation, and

compensation." *Id.* In his amended complaint, plaintiff stated that he had been examined by six doctors who all agreed that he was in need of surgery. Doc. 16. He also stated that he has learned to tolerate his condition such that emergency surgery is not a priority, and that the doctors want to operate but at their "own leisure." *Id.*

Plaintiff submitted a series of "Inmate Request Forms" and grievances to the jail administration. In a grievance dated July 10, 2007, plaintiff complained that the post-accident x-rays taken at the Beauregard Memorial Hospital revealed a ruptured disc. He claimed that his numerous requests to see a physician or nurse were rejected. Doc. 6, at 3.

In a grievance dated August 3, 2007, plaintiff complained that the Beauregard Parish Sheriff's Office caused his recent serious injury and he faulted Dr. Flynn Taylor "for refusing to properly treat [his] recent serious injury of the rupture of a disc in [his] back." Doc. 6, at 4-6. He claims that owing to his prior disability – a disability confirmed by Dr. Taylor's pre-accident x-rays which revealed compressed discs, scoliosis, and arthritis – he should not have been shackled and made to walk down stairs. Plaintiff complained that Dr. Flynn Taylor "refused to treat [him] although [he] was in severe pain" and was not properly administering medications previously prescribed for plaintiff by physicians at Moss Regional Hospital. Doc. 6, at 4-6.

On November 27, 2008, plaintiff submitted an inmate request form to the Warden requesting that he be hospitalized. Doc. 7, at 2. On December 1, 2008 he submitted an inmate request form to the "Sheriff" requesting "genuine help." Doc. 7, at 3. On December 4, 2008 he submitted a grievance to the Sheriff in which he stated, "all physicians I have been examined by other than Flynn Taylor all agree that I am in need of corrective surgery." He requested "immediate adequate medical attention." Doc. 7, at 4.

Plaintiff's claims against Jail Nurse Sharon Farquhar are that she failed to provide him with adequate and timely medical attention and the scheduling thereof for timely doctor's examinations and treatments for injuries. He also claims that she did not gather and produce information related to MRI scans causing a delay in the scheduling of a corrective surgery for plaintiff's back. Doc. 16, at 3-4.

Plaintiff's complaints against Warden Galbreath are basically that he accepted plaintiff's ARP forms but ignored plaintiff's requests for help.

## LAW AND ANALYSIS

### Frivolity Review

When a prisoner seeks redress from a governmental entity or from an officer or employee of a governmental entity, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous,[2] malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A; 28 U.S.C. § 1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. § 1997e(c)(1). A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991). A district court may dismiss as frivolous a prisoner suit on the complaint alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

District courts must construe *in forma pauperis* complaints liberally, particularly in the context of dismissals under § 1915(e)(2)(B), but are given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th

---

[2] A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); *see Denton v. Hernandez*, 504 U.S. 25, 31, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992).

Cir. 1994). A complaint may not be dismissed under § 1915(d)(2)(B) "simply because the court finds the plaintiff's allegations unlikely." *Jolly v. Klein,* 923 F. Supp. 931, 942-43 (S.D. Tex. 1996). A civil rights plaintiff must support his claim(s) with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood,* 47 F.3d 1427, 1433 (5th Cir. 1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias,* 23 F.3d at 97.

As previously discussed, plaintiff was specifically advised that his original complaint was deficient and was ordered to amend that complaint to state a viable claim. Despite the information supplied in his amended complaint, it nevertheless failed to cure all of the noted deficiencies.

## Inadequate Medical Care

Plaintiff's claims of delayed, denied, or inadequate medical care are without merit. Plaintiff is a detainee. The standard to apply in analyzing a denial of medical care claim asserted by a detainee depends upon whether the claim is directed to a "condition of confinement" or to an "episodic act or omission." *Scott v. Moore,* 114 F.3d 51, 53 (5th Cir. 1997) (quoting *Hare v. City of Corinth,* 74 F.3d 633, 644 (5th Cir. 1996)). Under the "episodic act" standard, "a state official's episodic act or omission violates a pretrial detainee's due process right to medical care if the official acts with subjective deliberate indifference to the detainee's rights." Thus, the plaintiff must show that he suffered a sufficiently serious deprivation and deliberate indifference by prison officials. *Hare,* 74 F.3d at 643, 650.

This is the same standard applicable to convicted prisoners whose claims are analyzed under the Eighth Amendment. "[T]here is no significant distinction between pretrial detainees

and convicted inmates concerning basic human needs such as medical care." *Gibbs v. Grimmette*, 254 F.3d 545, 548 (5th Cir. 2001). To establish liability, a detainee must "show that a state official acted with deliberate indifference to a substantial risk of serious medical harm <u>and that</u> <u>injuries resulted</u>." *Wagner v. Bay City, Tex.*, 227 F.3d 316, 324 (5th Cir. 2000) (emphasis added). "'Deliberate indifference' requires that the official have subjective knowledge of the risk of harm." *Wagner*, 227 F.3d at 324. It is only this deliberate indifference, "an unnecessary and wanton infliction of pain . . . or acts repugnant to the conscience of mankind," that constitutes conduct proscribed by the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S. Ct. 285, 291, 50 L. Ed. 2d 251 (1976); *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997). Negligence, unsuccessful medical treatment, or medical malpractice does not give rise to a § 1983 cause of action.

In *Woodall v. Foti*, 648 F.2d. 268, 272 (5th Cir. 1981), the Fifth Circuit Court of Appeals stated that the test in balancing the needs of the prisoner versus the needs of the penal institution is one of medical necessity, not of desirability. The fact that a plaintiff does not believe that his medical treatment was as good as it should have been is not a cognizable complaint under the Civil Rights Act. Prisoners are not constitutionally entitled to the best medical care that money can buy. *See Mayweather v. Foti*, 958 F.2d 91 (5th Cir. 1992); *Woodall*, 648 F.2d at 272. A plaintiff's disagreement with the course of treatment offered by the medical staff does not establish that a constitutional violation has occurred. *See Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997); *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1992); *Mayweather*, 958 F.2d 91; *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985); *Callaway v. Smith County*, 991 F. Supp. 801, 809 (E.D. Tex. 1998). Merely alleging a prison doctor should have undertaken additional diagnostic measures or utilized an alternative method of treatment does not elevate a claim to

constitutional dimension. *Varnado*, 920 F.2d at 321. Furthermore, the fact that plaintiff continues to suffer from pain is insufficient to establish that a constitutional violation has occurred. *Mayweather*, 958 F.2d 91.

In the instant case, plaintiff's allegations, at most, state a disagreement amongst himself and the medical care providers regarding the procedures to treat his medical problems. As previously stated, such claims are insufficient to establish that a constitutional violation has occurred. Accordingly, this court finds that plaintiff's medical care claims should be dismissed for failing to state a claim pursuant to 28 U.S.C. § 1915A(b)(1).

### Supervisory Liability

As previously stated, plaintiff sued Warden Galbreath. In the court's amend order, plaintiff was advised that his claims did not establish liability on the part of the warden. Plaintiff's subsequent filing did not remedy that defect. Specifically, "[s]upervisory officials may be held liable only if: (i) they affirmatively participate in acts that cause constitutional deprivations; and (ii) implement unconstitutional policies that causally result in plaintiff's injuries." *Mouille v. City of Live Oak, Tex.*, 977 F.2d 924, 929 (5th Cir. 1992). "Vicarious liability does not apply to § 1983 claims." *Pierce v. Tex. Dept. of Crim. Justice, Inst. Div.*, 37 F.3d 1146, 1150 (5th Cir. 1994). "Personal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983). Plaintiff has not alleged facts sufficient to demonstrate either personal involvement or the implementation of unconstitutional policies by this defendant.

In addition, any allegation that defendant Galbreath failed to respond to plaintiff's grievances does not implicate the constitution. More specifically, "when the claim underlying the administrative grievance involves a constitutional right, the prisoner's right to petition the

government for redress is the right to access to the courts, which is not compromised by the prison's refusal to entertain his grievance." *Oladipupo v. Austin*, 104 F. Supp. 2d 626, 637. The narrowing of prisoner due process protection announced in *Sandin v. Conner*, 515 U.S. 472, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995), leaves plaintiff without a federally protected right to have his complaints and grievances investigated and resolved. Inasmuch as the result of these complaints and grievances have no bearing on the duration of plaintiff's confinement, plaintiff cannot show the existence of a state created liberty interest in their investigation and ultimate resolution. *See Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995). In sum, as plaintiff does not have a constitutional right to have his grievances entertained, it follows that defendants did not have a duty to take action with regard to plaintiff's grievances. Consequently, plaintiff's claims lack an arguable basis in law and should be dismissed as frivolous as such claims are not cognizable under §1983.

Therefore, IT IS RECOMMENDED that plaintiff's civil rights complaint against Warden William Galbreath and BPJ Nurse Sharon Farquhar be DISMISSED WITH PREJUDICE as frivolous and for failing to state a claim on which relief may be granted in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

With regard to plaintiff's claims for civil rights violations against defendant Deputy Aaron P. Broussard the court will issue a separate order of service.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed. R. Civ. P.. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following

the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

Thus done and signed in chambers in Lake Charles, Louisiana, this ___14th___ day of ___July___, 2009.

KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE