RECEIVED
IN LAKE CHARLES, LA

AUG 2 0 2009

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| ROBERT LEE DOYLE | : | DOCKET NO. 2:08cv 01412 |
|---|---|---|
| VS. | : | JUDGE MINALDI |
| BEAUREGARD PARISH SHERIFF'S OFFICE, ET AL. | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

The Magistrate Judge issued a Report and Recommendation [doc. 18] in the above-captioned case, recommending that the plaintiff's civil rights complaint against Warden William Galbreath and Beauregard Parish Jail Nurse Sharon Farquar be dismissed with prejudice. In his subsequent objection[1] [doc. 20], the plaintiff, Robert Lee Doyle "Doyle", indicates that the Magistrate Judge's recommendations regarding these two parties are "appreciated and understood."

The plaintiff alleges in his Amended Complaint [doc. 17] that Deputy Broussard knew of the plaintiff's infirmities, yet chained his legs. Doyle alleges that because of Deputy Broussard's actions, he fell head-first down a flight of stairs only to be picked up by the belt and forced down another flight of stairs. After being transported to the hospital, an x-ray showed a newly ruptured disc that was not present the week before. The plaintiff alleges that "I have 2 herniated vertebrae due to a fall which could have been prevented, and which was

---

[1] The note to the Clerk dated July 21, 2009, by the plaintiff is being considered as an objection.

caused directly by the intentional negligence of Aaron Broussard. My injuries may have worsened due to the immediate shuffling done by him directly after my fall."[2]

In his objection, the plaintiff questioned "[w]ith regard concerning Deputy Broussard and his liability for my pain and suffering, is he not also responsible for the new injuries I suffered due to the fall and also for their treatment?" First and foremost, to establish liability on the part of Deputy Broussard, it is the plaintiff's burden to prove that Deputy Broussard acted with deliberate indifference to a substantial risk of serious medical harm and that injuries resulted. *Wagner v. Bay City, Tex.*, 227 F.3d 316, 324 (5th Cir. 2000). Construing the complaint liberally, the plaintiff has alleged what may be construed as deliberate indifference, now he must offer proof.

Deputy Broussard may avail himself of applicable defenses such as qualified immunity. Qualified immunity shields government officials performing discretionary functions "from civil damages liability as long as their actions could reasonably have been thought consistent with the rights they are alleged to have violated."[3] Whether a defendant asserting qualified immunity may be personally liable turns on the objective reasonableness of the defendant's actions assessed in light of clearly established law.[4]

Whether an official protected by qualified immunity may be held personally liable for an allegedly unlawful official action generally turns on the "objective legal reasonableness"

---

[2] Amended Complaint, p. 4.

[3] *Anderson v. Creighton*, 483 U.S. 635, 638, 107 S.Ct. 3034, 3038, 97 L.Ed.2d 523 (1987).

[4] *See id.*, 483 U.S. at 639, 107 S.Ct. at 3038; *Valencia v. Wiggins*, 981 F.2d 1440, 1447 (5th Cir. 1993)

of the action, assessed in light of the legal rules that were "clearly established" at the time the action was taken.[5] In order to conclude that the right which the official allegedly violated is "clearly established," the contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right.[6]

The plaintiff's objection does not require a ruling as he is not objecting to the Magistrate Judge's finding. He is questioning the extent of Deputy Broussard's liability. Accordingly, the Report and Recommendation will be affirmed and Deputy Broussard will be served with the complaint.

Lake Charles, Louisiana, this 19 day of August, 2009.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

---

[5] *Harlow v. Fitzgerald*, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396.

[6] *Anderson, id.* at 635.