# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| | |
|---|---|
| **ROBERT L. DOYLE** | **CIVIL ACTION NO. 08-1412**<br>**SECTION P** |
| **VS.** | **JUDGE MINALDI** |
| **AARON P BROUSSARD** | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is Robert L. Doyle's *pro se* civil rights complaint (42 U.S.C. § 1983) filed *in forma pauperis* on September 16, 2008.  Doc. 1.  Mr. Doyle is an inmate in the custody of the Beauregard Parish Sheriff's Office ("BPSO").  *Id.*  He is incarcerated at the Beauregard Parish Jail Complex, DeRidder, Louisiana.  *Id.*

Plaintiff named Aaron P. Broussard, John Rainwater, William Galbreath, Bolivar Bishop, and Ricky Moses as defendants in his initial complaint with this court.[1]  *Id.*  Subsequently, all defendants except Aaron P. Broussard were dismissed with prejudice pursuant to a Report and Recommendation issued by this court.  Doc. 18.

Mr. Doyle alleges in his complaint that on July 6, 2007 he was "restrained by Aaron Broussard and made to fall down stairs of [the] DeRidder Courthouse resulting in two herniated

---

[1] While seeking his administrative remedies with BPSO, plaintiff also named "BPSO" [doc. 26, att. 4, p. 3], "Dr. Flynn Taylor" [*id.*], and "Sam James" [doc. 26, att. 7, p. 4].

disks."[2]  Doc. 1, p. 3.  This complaint was preceded by a number of grievances with the jail's

administration.  *See* doc. 18, p. 4.  Mr. Doyle seeks compensatory damages.  Doc. 1, p. 5.

Before the court today is the defendant's motion to dismiss for failure to state a claim

upon which relief can be granted, pursuant to Fed. R. Civ. Proc. 12(b)(6).[3]  Doc. 26.

## LAW AND ANALYSIS

### I.  Failure to State a Claim

Plaintiff has been granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915.

Under 28 U.S.C. § 1915(e)(2)(B), a district court is directed to dismiss an action if the court

determines that the action is frivolous, malicious, or fails to state a claim on which relief may be

granted.  28 U.S.C. § 1915(e); *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998).  A

complaint is frivolous if it lacks an arguable basis in law or fact.  *Gonzalez v Wyatt,* 157 F.3d

1016, 1019 (5th Cir. 1998) (citing *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997)).

A complaint fails to state a claim upon which relief may be granted if it is clear the

plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief.  *Doe

v. Dallas Indep. School Dist.*, 153 F.3d 211, 215 (5th Cir. 1998).  When determining whether a

complaint is frivolous or fails to state a claim upon which relief may be granted, the court must

accept plaintiff's allegations as true.  *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1996)

(frivolity); *Bradley,* 157 F.3d at 1025 (failure to state a claim).

### II.    42 U.S.C. §1983

Section 1983 proscribes conduct by any person who, under the color of state law, acts to

deprive another person of any right, privilege, or immunity secured by the Constitution and laws

---

[2] Plaintiff was later treated at the Louisiana State University Health Sciences Center, in Shreveport, Louisiana, where a corrective surgery was performed on his spine.  Doc. 28.  The surgery "required a fusion of bones and the implantation of a metal plate and screws in [the plaintiff's] upper spine at the base of [his] neck."  *Id.* at p. 1.
[3] In response to this motion, the court instructed plaintiff to address the issue of administrative remedies tolling. Doc. 38.  Plaintiff timely responded.  Doc. 39.

of the United States.  42 U.S.C. § 1983.  Thus, an initial inquiry in a lawsuit filed under § 1983 is whether plaintiff has alleged that his constitutional rights have been violated.  If no constitutional violation has been alleged, there is no cognizable claim under § 1983.  In order to hold the defendants liable under 42 U.S.C. § 1983, the plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of state law, that is, that the defendant was a state actor.  *Moore v. Willis Indep. Sch. Dist.*, 233 F.3d 871, 874 (5th Cir. 2000).

Here, there is no question that Deputy Aaron P. Broussard was a part-time Deputy Sheriff of Beauregard Parish on July 6, 2007.  Doc. 26, p. 2.  Thus, all that is required to make a proper pleading under § 1983 is that plaintiff claim a constitutional right was violated.  The court has previously ruled that plaintiff has met this burden as to defendant Broussard.  Docs. 18, 19.

Accepting all of plaintiff's allegations as true and giving plaintiff the benefit of every doubt, the court concludes, for the reasons stated hereinafter, that he has stated a claim for relief, that his claims are not frivolous as a matter of law, and that his complaint is sufficient.

## IV.    Statute of Limitations

The thrust of defendant's argument in support of his motion to dismiss is that plaintiff's suit "was not instituted . . . within one year of his July 6, 2007 accident" and that, therefore, "his claim against defendant Broussard has prescribed and should be dismissed . . . ."  Doc. 26, att. 1, p. 3.

"Where it is clear from the face of a complaint filed in *forma pauperis* that the claims asserted are barred by the applicable statute of limitations," those claims should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).  *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993).  The applicable statute of limitation in a § 1983 action is the forum state's personal injury limitations period.  *Jacobsen v. Osborne*, 133 F.3d 315, 319 (5th Cir. 1998).  Therefore, the court

3

applies Louisiana Civil Code, article 3492, which carries a limitations period of one year.  *Elzy v. Roberson*, 868 F.2d 793, 794 (5th Cir. 1989).  While the period of limitations is provided by state law, federal law governs the determination of when a § 1983 action accrues.  *Jacobsen*, 133 F.3d at 319.  Under federal law, a § 1983 action accrues when plaintiff "becomes aware that he has suffered an injury or has sufficient information to know that he has been injured."  *Helton v. Clements*, 832 F.2d 332, 335 (5th Cir. 1987).  The plaintiff need not know that he or she has a cause of action and need only know the facts that would ultimately support the cause of action. *Id.*

Here, the only overt act alleged in petitioner's complaint was a July 6, 2007 injury about which plaintiff was aware when it occurred.  *See Williams v. Jackson*, 204 F.3d 1114 (5th Cir. 1999) (finding that a plaintiff becomes aware of a § 1983 injury when it occurs); *Pursche v. City of Irving*, 47 F.3d 424 (5th Cir. 1995) (same).  Thus, the defendant argues that the suit is time barred, as he filed his complaint with this court on September 16, 2008, or 72 days beyond the one-year limitation period provided by Louisiana law.  Doc. 26.  Plaintiff asks us to forgive this transgression as he is "very limited in [his] understanding of and proper application of civil law." Doc. 28.  While we cannot relieve plaintiff of his predicament for reasons he states,[4] we do find that the defendant's motion should be overruled.

---

[4] Courts in this circuit  have made clear on numerous occasions that a "petitioner's allegations of *pro se* status and limited access to law libraries and other resources are incident to ordinary inmate status . . . and do not constitute grounds for statutory or equitable tolling of limitations."  *Rood v. Quarterman*, No. 09-1923, 2009 WL 2018991, *2 (S.D. Tex. Jul. 10, 2009); *see also Horne v. Cain*, No. 09-5509, 2010 WL 1332977 (E.D. La. Feb. 24, 2010); *Bunley v. Jones*, No. 06-2941, 2009 WL 2868427 (E.D. La. Aug. 11, 2009); *Williams*, 204 F.3d at 1114 (citing *Helton*, 832 F.3d at 335) (noting that the applicable test is when the petitioner "knew or should have known of the overt acts" which caused him "actionable injury," not when he became aware that the injury was actionable).  Nonetheless, the *pro se* plaintiff will not be penalized because his argument was off of the mark.  For the reasons articulated below, defendant's motion must fail on its own accord.  *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) ("[A] *pro se* complaint, 'however inartfully pleaded,' must be held to 'less stringent standards than formal pleadings drafted by lawyers' and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'").

1. *Tolling*

Indeed, under normal circumstances the statute of limitations would have begun to run on July 6, 2007, and the complaint filed with this court on September 16, 2008, would be time barred.  The Fifth Circuit has made clear, however, that because prisoners are required to exhaust administrative remedies prior to bringing suit, the statute of limitations is tolled during the time that such remedies are being pursued.[5]  *Harris*, 198 F.3d at 156 (5th Cir. 1999); *see also Woodford v. Ngo*, 548 U.S. 81 (2006) (holding that compliance with the exhaustion requirement involves proper exhaustion in accordance with prison procedures).   Thus, the statute of limitations was tolled during the time that the plaintiff's administrative remedies were being properly pursued in accordance with prison rules and regulations.

The alleged incident took place on July 6, 2007.  Doc. 1.  Twenty-seven days later, on August 2, 2007, plaintiff initiated the BPSO's Administrative Remedy Procedure by filing a Request for Grievance Remedy with the proper authorities.  Doc 26, att. 4.  The grievance was accepted (i.e. filed correctly).  *Id.*  In his request, plaintiff sought relief from "BPSO" for causing injury to his back.  *Id.*  According to the Beauregard Parish Jail Complex's Policy and Procedure Manual [doc. 26, att. 3], once a grievance is filed with the jail the next step is to inform the inmate of "what information was found or the reason for the decision reached.  Inmates will also be told what is needed to go to the next step and simple directions for getting to the next step, with the appropriate forms supplied to them for this purpose."  *Id.* at p. 4.

Plaintiff alleges, and defendant does not deny, that his grievances were ignored.  Doc. 16.  The complaint form itself states that the inmate "will receive a response within 30 days."  *See e.g.* doc. 24, att. 6, p. 2.  Defendant has produced the plaintiff's entire file containing grievances

---

[5] "Louisiana law similarly recognizes required exhaustion of administrative remedies as a ground to toll prescription."  *Harris v. Hegmann*, 198 F.3d 153, 158 (5th Cir. 1999).

pursuant to the aforesaid Administrative Remedy Procedure, and nowhere does it include a response to plaintiff's grievance. *See* generally doc. 26. Thus, examined in the light most favorable to the plaintiff, the court must assume that the disposition of the plaintiff's grievance was in limbo at the time of filing his suit with this court.

"[W]here the complaint does not clearly show that the inmate failed to exhaust administrative remedies, it is defendants' job to raise and prove such an affirmative defense." *Torns v. Mississippi Dept. of Corrections*, 301 Fed.Appx. 386, 389-90 (5th Cir. 2008). Although 42 U.S.C. § 1997e precludes the plaintiff from filing suit while the administrative complaint is pending in most instances, *see Wendell v. Asher,* 162 F.3d 887, 890 (5th Cir. 1998), "'available administrative remedies' may be deemed exhausted when . . . prison officials ignore or interfere with a prisoner's pursuit of grievance relief . . . ." *Johnson v. Cheney*, 313 Fed.Appx. 732, 733 (5th Cir. 2009); *see also Days v. Johnson*, 322 F.3d 863, 867 (5th Cir. 2003) (same); *Brown v. Croak*, 312 F.3d 109, 112-13 (3d Cir. 2002) (noting that if prison authorities thwart the inmate's efforts to pursue the grievance, administrative remedies may be presumed exhausted, as no further remedies are "available" to him).

The inquiry does not end there. When a grievance is futile at the first step, a prisoner must exhaust the appeal process (if there is one) as well. *Johnson*, 313 Fed.Appx. at 733 (citing *Underwood v. Wilson*, 151 F.3d 292, 295 (5th Cir. 1998), *overruled by implication on other grounds by Jones v. Bock*, 549 U.S. 199, 199 (2007)). Here, however, the grievance process requires that "[a]n inmate who is not satisfied with the response at Step One . . . request a review by the Warden *by signing the bottom of the response to his [initial] grievance*."[6] Doc. 26, att. 3, p. 4 (emphasis added). Likewise, a Step Three Review requires that the plaintiff "sign the bottom

---

[6] *Cf. Clifford v. Louisiana*, 347 Fed.Appx. 21, 22 (5th Cir. 2009) (requiring appeal of an initial grievance even where there was no response issued where "[n]o procedural rule clearly requires a prisoner to sign an untimely first stage grievance before proceeding to the second.").

of the Warden's review."  *Id.*  Because there was no response to the plaintiff's initial grievance, plaintiff was essentially barred, as far as he could tell, from relief at the administrative level – there was nothing to sign in order to initiate a Step Two review.  *See Wright v. Hollingsworth*, 260 F.3d 357, n.2 (5th Cir. 2001) ("The 42 U.S.C. § 1997e exhaustion requirement is not jurisdictional and may be subject to certain defenses such as waiver, estoppel or equitable tolling.").

Therefore, while plaintiff pursued his administrative remedies from August 2, 2007 onward, the prescriptive period was tolled.  *Harris*, 198 F.3d at 156.  This puts plaintiff's claim within the 1-year limitations period provided by Louisiana law, by 338 days.

   2.  *Failure to Name Defendant in Administrative Grievances*

Defendant argues that because none of the plaintiff's administrative grievances named Aaron P. Broussard specifically, as opposed to any of the other Deputy Sheriff or BPSO generally, the suit against Aaron P. Broussard should be dismissed because it is time barred (i.e. not tolled).[7]  Doc. 26.  This argument was partially rejected by the Supreme Court in *Jones*, 549 U.S. 199:

> The Sixth Circuit requires that a prisoner have identified, in the first step of the grievance process, each individual later named in the lawsuit to properly exhaust administrative remedies.  *Burton v. Jones*, 321 F.3d 569, 575 (2003).  Other Circuits have taken varying approaches to this question. . . , none going as far as the Sixth Circuit in requiring in every case that the defendants have been named from the beginning of the grievance process.
> . . .
> The [Prison Litigation Reform Act] requires exhaustion of "such administrative remedies as are available," 42 U.S.C. § 1997e(a), but nothing in the statute imposes a "name all defendants" requirement along the lines of the Sixth Circuit's judicially created rule. . . .
> . . .

_____

[7] Specifically, defendant argues that plaintiff's failure to name himself in the instant grievance indicated intent *not* to make a complaint against him, as plaintiff did name other persons by name, including Deputy Alan Rosegrant.  Doc. 26, att.1.  This somewhat mischaracterizes the grievance.  The grievance itself names "BPSO" as causing the injury, and names "Dr. McMillan" and Deputies Justin Greg and Alan Rosegrant as witnesses to the injury.  Doc. 26, att. 4, p. 3.

> We have identified the benefits of exhaustion to include allowing a prison to address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record. . . . The Sixth Circuit rule may promote early notice to those who might later be sued, but that has not been thought to be one of the leading purposes of the exhaustion requirement. . . . We do not determine whether the grievances filed by petitioners satisfied the requirement of "proper exhaustion," . . . but simply conclude that exhaustion is not *per se* inadequate simply because an individual later sued was not named in the grievances.

*Id.* at 205, 217-19.

In other words, the particularity of the administrative complaint is judged only by the prison grievance process itself, which will vary from system to system and claim to claim. *Id.* at 218; *see also Moore v. Bennette*, 517 F.3d 717, 726 (4th Cir. 2008) (vacating a lower court's decision to dismiss a claim for failing to "identify specific individuals in his grievances" where the grievance policy did "not require identification of the persons responsible for the challenged conduct"); *Allen v. Feinerman*, No. 07-0805, 2010 WL 894063, *10 (S.D. Ill. Mar. 10, 2010) (noting that "the level of detail necessary in a grievance for adequate exhaustion should be determined by prison regulations"). Because "early notice to those who might later be sued . . . has not been thought to be one of the leading purposes of the exhaustion requirement," the named defendants in the administrative complaint have no bearing on the sufficiency of the district court complaint, as long as the administrative complaint was proper in its own right. *Jones*, 549 U.S. at 201; *see also Espinal v. Goord*, 558 F.3d 119, 126 (2nd Cir. 2009) ("Because New York's [inmate grievance process] does not articulate an identification requirement, it is plain that a New York state prisoner is not required to name responsible parties in a grievance in order to exhaust administrative remedies."); *Scott v. Suryadevara*, No. 05-1282, 2007 WL 2016389 (E.D. Cal. Jul. 6, 2007) (noting that, according to *Jones*, an inmate's failure to name defendants in a grievance procedure does not preclude the inmate from later naming them for the first time in a complaint);

*Anderson v. Pollard*, No. 06-0782, 2007 WL 2417275, at *7 (E.D. Wis. Aug. 21, 2007) ("[A] prisoner . . . does not have to name the responsible defendants in an inmate complaint."); *Davison v. MacLean*, No. 06-12755, 2007 WL 1016980, at *2 (E.D. Mich. Mar. 30, 2007) (noting that *Jones* "rejecti[ed] the notion that grievances are designed to give individuals notice of possible litigation against them").

Here, the BPSO Policy and Procedure Manual (effective October 1, 2002), which was in effect when the plaintiff filed his grievance [*see* doc. 26, att. 2], had no requirements as to the specificity of defendants named.  Doc. 26, att. 3.  Further, all of plaintiff's grievances were "accepted," despite the deficiency now claimed.  *See e.g.* doc. 26, att. 4, p. 2.  At the same time, the grievance form provided by BPSO (a one-page form on which the inmate fills out identifying information and is given space to describe the complaint) advised inmates to "[d]escribe the nature of [the] complaint (i.e. Who, What, When, Where, How)."  *See e.g. id*.  Other grievance forms provided by BPSO, however, do not advise the inmates as to the particularity of the complaint, only that the grievance may be returned for vagueness.  *See* doc. 26, att. 3, p. 16.

Other courts examining this issue in light of *Jones* have held for the plaintiff even where there was no ambiguity as to the inmate grievance system.  In *Williams v. Beard*, 482 F.3d 637 (3rd Cir. 2007), for instance, the Pennsylvania Inmate Grievance System Policy required that the inmate "include a statement of the facts relevant to the claim [and] identify any persons who may have information that could be helpful in resolving the grievance . . . ."  *Id.* at fn.2.  After exhausting his administrative remedies, the *Williams* plaintiff filed a complaint in the district court, alleging § 1983 claims against a Mr. "Hollibaugh" and other prison officials.  *Id.* at 639. The district court held that because the plaintiff did not name Mr. Hollibaugh in his initial grievance, procedural default warranted a grant of summary judgment against the plaintiff.  *Id.* On appeal, the plaintiff conceded that his grievance was technically noncompliant when he failed

to name Mr. Hollibaugh in his initial grievance.  *Id.*  The Third Circuit reversed the lower court's opinion, holding that all that is necessary to defeat a procedural default is that the *prison is able from the initial grievance to* "'identify the unidentified persons and acknowledg[e] that they were fairly within the compass of the prisoner's grievance.'"  *Id.* at 640 (quoting *Spruill v. Gillis*, 372 F.3d 218, 234 (3rd Cir. 2004)); *see also Robinson v. Johnson*, 343 Fed.Appx. 778 (3rd Cir. 2009) (same); *Goebert v. Lee County*, 510 F.3d 1312, 1324-25 (11th Cir. 2007) (it is not necessary that an official prison grievance be used); *Pineda-Morales v. De Rosa*, No. 3-4297, 2005 WL 1607276, at *5 (D.N.J. July 6, 2005) (naming "chaplain staff" was sufficient).

Here, plaintiff stated in his Step One grievance that on July 6, 2007, he was handcuffed, shackled, and "made to climb or descend a flight of stairs wherefore [he] fell due to wearing ankle shackles which caused [him] to fall down a flight of stairs."  Doc. 26, att. 4, p. 3.  In the BPSO's Policy and Procedure Manual, the stated purpose of a Step One grievance is to "gain information" about an incident.  Doc. 26, att. 3, p. 18.  If the BPSO were following its own policies and gaining information about the incident, plaintiff's complaint would by all accounts be sufficient to put defendant Broussard "within the compass" of the grievance.  Again, this comports with the reasoning in *Jones* that "the primary purpose of a grievance is to alert prison officials to a problem, not to provide personal notice to a particular official that he may be sued."  549 U.S. at 219 (quoting *Johnson v. Johnson*, 385 F.3d 503, 522 (5th Cir. 2004)).  Here, as in *Williams*, the grievance did precisely that.  482 F.3d at 640.  If prison policies in place were adhered to, the grievance would have provided knowledge to prison officials not only that there was a problem, but that defendant Broussard was involved.[8]  *Id.*

---

[8] In *Williams*, notice to the defendant was evidenced by the response to the complaint, which specifically referenced a conversation with the plaintiff.  482 F. 3d at 640.  Although notice is not necessary under *Jones*, it should be considered when determining a procedural default requirement or excuse.  *Id.* (citing *Spruill*, 372 F.3d at 234).  Here, no response was given.  Defendant should not be penalized because BPSO failed to comply with its own procedures.  Again, read in a light most favorable to the plaintiff, one would be hard-pressed to interpret defendant's grievance as

In light of what could be construed as conflicting BPSO policy provisions, considering precedence on the issue and the requirement that we construe a *pro se* plaintiff's pleadings liberally, the court concludes that plaintiff's grievance statement gave fair notice of his § 1983 claims, and his claim may therefore proceed. *Jones v. Michigan*, 698 F.Supp.2d 905, 913 (E.D. Mich. 2010); *Haines*, 404 U.S. 519, 520.

## CONCLUSION

In accordance with the foregoing, **IT IS RECOMMENDED** that defendant's motion to dismiss [doc. 26] be **DENIED**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** in Chambers in Lake Charles, Louisiana, this 7th day of December, 2010.

KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE

---

*not* giving notice to defendant Broussard, as he was the deputy in control of the plaintiff on the date and time that the alleged incident took place.