UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **ROBERT L. DOYL** | : | **CIVIL ACTION NO. 2:08-cv-1412** |
| **VERSUS** | : | **JUDGE MINALDI** |
| **DEPUTY AARON P. BROUSSARD** | : | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

Before the court is the Motion for Summary Judgment by the sole remaining defendant in this case, Deputy Aaron P. Broussard. Doc. 48. For the reasons discussed herein, it is RECOMMENDED that the motion be DENIED.

**A. Background**:

Plaintiff, Robert Lee Doyle, filed the instant civil rights complaint on September 16, 2008. He complains that he fell in the Beauregard Parish Courthouse and was injured as a result of the unconstitutional conduct of Beauregard Parish Sheriff's Deputy Aaron P. Broussard.[1] He prays for compensatory damages for all medical treatments and procedures, surgeries and rehabilitation, and for pain and suffering.

Prior to his incarceration, plaintiff suffered from pre-existing back ailments including scoliosis, compressed discs, and advanced arthritis of the spine. Defendant states that when he advised defendant Broussard of these ailments when he was booked on June 1, 2007. As a result

---

[1] Plaintiff's original complaint also named Warden John Rainwater, former Sheriff Bolivar Bishop, and current Sheriff Rickey Moses. However, plaintiff dismissed his claims against those individuals by way of amended complaint. Plaintiff also named Beauregard Parish Jail Warden William Galbreath and Nurse Sharon Farquhar. However, the court dismissed those individuals by way of a previous Report and Recommendation.

of the infirmities, defendant Broussard placed plaintiff in medical protective custody; that is, he was in a cell with another inmate that had medical problems.

On July 6, 2007, plaintiff appeared in court. Defendant Broussard assisted in escorting plaintiff to the courthouse. Broussard placed plaintiff in ankle restrains and handcuffs despite plaintiff's protests that he would not be able to walk. However, a fellow officer, Deputy Rosegrant, convinced Broussard to leave one of plaintiff's hands free so that he could steady himself. Plaintiff also alleges that the Beauregard Parish Courthouse has a wheelchair lift system but that he was made to climb the stairs to the courtroom which was on an upper floor.

Plaintiff contends that Broussard found "much good humor" in plaintiff's painful walk up the stairs. Plaintiff apparently made it successfully up the stairs but when leaving the courthouse his legs gave way and he fell down the stairs and onto the landing. Plaintiff states that Broussard picked him up by the belt and forced him down the second flight of stairs.

Plaintiff was then taken by ambulance to Beauregard Medical Hospital where an x-ray examination revealed the presence of a ruptured disc. An x-ray taken only a week prior had revealed only arthritis and scoliosis.

Defendant has alleged that he did not maliciously and sadistically tend to plaintiff after his fall; rather, he alleges that he reacted in a medically appropriate manner by helping plaintiff to his feet, helping him to navigate the rest of the stairs, and by waiting for medical assistance to arrive on the scene.

**B.  Summary Judgment Standard:**

A court should grant a motion for summary judgment when the pleadings, including the opposing party's affidavits, "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex*

*Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). The party moving for summary judgment is initially responsible for demonstrating the reasons justifying the motion for summary judgment by identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact for trial. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the moving party's motion for summary judgment if the movant fails to meet this burden. *Id*.

If the movant satisfies this burden, however, the nonmoving party must "designate specific facts showing that there is a genuine issue for trial." *Id*. (quoting *Celotex*, 477 U.S. at 323). In evaluating motions for summary judgment, the court must view all facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986). There is no genuine issue for trial, and thus a grant of summary judgment is warranted, when the record as a whole "could not lead a rational finder of fact to find for the non-moving party . . . ." *Id.*

### C. Section 1983 Cause of Action:

Federal law provides a cause of action against any person who, under the color of state law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983.

The parties characterize the alleged incident as one involving an excessive use of force by defendant in contravention of the Due Process Clause of the Fifth Amendment. This characterization fails to adequately describe the situation presented. "Excessive force" is a legal term of art that describes a situation in which an agent of the law, usually a police officer or prison guard, uses more force than necessary to control a person or scene. While the parties are

technically correct that plaintiff has alleged that the defendant used an inappropriate level of force in lifting plaintiff, his depiction ignores the connotations associated with this term of art.

Considering the allegations of plaintiff, it is more accurate to say that defendant allegedly failed to render appropriate medical aid after plaintiff fell in contravention of the Due Process Clause of the Fifth Amendment. That is defendant knew that plaintiff had pre-existing back issues and defendant knew that plaintiff was in need of medical assistance when he tumbled down the courtroom stairway. Rather than approaching plaintiff with caution and care, defendant forced plaintiff to his feet and hurried him downstairs while knowing the fragile condition of plaintiff's back.

In order to state a colorable claim for the denial of medical care, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "Deliberate indifference" occurs only where an "official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Haney must allege that prison officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in similar conduct that demonstrated wanton disregard for a serious medical need. *Domino*, 239 F.3d at 755 (citing *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir.1985)).

### D. Analysis

Defendant has moved for summary judgment seeking to dismiss the complaint against him.[2] Defendant has also suggested that the instant motion also applies to the defense of qualified immunity which defendant pled in his answer. However, the court does not consider the issue in this motion. Defendant has not briefed the issue for the court and only mentioned the applicability of the defense in passing. *See* Doc. 48, Att. 1, p. 4.

Defendant asserts that summary judgment is warranted because plaintiff will be unable to meet his burden at trial. Defendant submits his own affidavit in support, as well as Deputy Rosegrant and Beauregard Parish Probation Officer Christal Schlegel. Doc. 48, Atts. 3–5. Defendant contends that the affidavits "all make it clear that Deputy Broussard was simply lending assistance and care to Mr. Doyle, not depriving him of his constitutional right to be free from excessive force which would cause him injury."[3] Doc. 48, Att. 1, p. 3. "This documentary evidence," defendant contends, "supports only one conclusion, that is, that Deputy Broussard's actions were reasonable under the circumstances and did not constitute excessive force." Doc. 48, Att. 1, p. 6.

Plaintiff has attached an affidavit to his response to the instant motion. Doc. 54, Att. 1, pp. 8–11. Evaluating the evidence in light most favorable to the plaintiff, the court concludes that the affidavit submitted by the plaintiff sufficiently alleges specific facts showing that there is a genuine issue for trial.

---

[2] Plaintiff argues that defendant is really moving for partial summary judgment insofar as he does not address plaintiff's "condition of confinement" or "access to the court" claims. Doc. 54, p. 5. Because the undersigned ultimately recommends that the motion be denied, the court does not resolve this apparent dispute.

[3] Defendant characterizes plaintiff's claim as one of "excessive force." While the court rejects this classification based on a fair interpretation of the pleadings, the mischaracterization is not fatal to the motion for summary judgment or the memorandum in support.

In order for plaintiff to succeed on his claim at trial, he must demonstrate that the acts or omissions by defendant were sufficiently harmful so as to show that defendant was deliberately indifferent to a serious medical need of the plaintiff. A showing of deliberate indifference involves a subjective component—that defendant had personal knowledge of the risk to plaintiff yet disregarded that risk. The affidavit submitted by plaintiff provides sufficient evidence to satisfy the summary judgment standard. *See* Doc. 54, Att. 1.

Defendant understood that plaintiff had a pre-existing back condition as he was informed by plaintiff at booking and responded accordingly by placing plaintiff in protective medical custody. Defendant admits as much in his own affidavit in support of the instant motion. Doc. 48, Att. 3, p. 2. Furthermore, defendant understood that shackling plaintiff's hands and feet and chaining him to other prisoners risked plaintiff injuring himself. Again, Deputy Broussard admits as much in his own affidavit wherein he submits that he was reluctant to fully shackle plaintiff. Doc. 48, Att. 3, p. 3.

Evidence of the subjective element appears to be the real dispute. Defendant maintains in his affidavit, and through affidavits of others, that he lacked the requisite intent to deprive plaintiff of his constitutional rights insofar as defendant wished to help rather than hurt plaintiff. *See* Doc. 48, Atts. 3–5.

Plaintiff, on the other hand, attests to his own version of events by affidavit. Plaintiff maintains that defendant responded to plaintiff's fall in a number of respects that indicate his subjective indifference. First, defendant grabbed plaintiff by the belt and attempted to pull him with having a medical professional evaluate plaintiff. Doc. 54, Att. 1, p. 9. Second, defendant complained that it "sure hurt [his] f***ing foot when [he] kicked [plaintiff's] stupid ass in the head when [defendant] tried to stop [plaintiff's fall]." Doc. 54, Att. 1, p. 9. Third, defendant

"nudged" plaintiff down the remainder of the stairs and only contacted medical personnel after consulting with the warden of the jail. Doc. 54, Att. 1, p. 10.

The affidavits presented by the respective parties demonstrate, in the light most favorable to the plaintiff, that there is a genuine issue of material fact regarding the subjective component of plaintiff's claims. Plaintiff's allegations, if proven, are sufficient for a jury to infer that defendant acted with subjective indifference to a serious medical need of plaintiff. As such, defendant has failed to satisfy his burden on summary judgment.

Accordingly, it is RECOMMENDED that defendant's Motion for Summary Judgment be DENIED.

THUS DONE this 6th day of February, 2013.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE