UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **ROBERT LEE DOYLE** | : | **DOCKET NO. 08-cv-1412** |
| **VS.** | : | **JUDGE MINALDI** |
| **SHERIFF OF BEAUREGARD PARISH, ET AL** | : | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Plaintiff, Robert Lee Doyle, filed the instant civil rights complaint on September 16, 2008. He alleges that he fell in the Beauregard Parish Courthouse and was injured as a result of the unconstitutional conduct of Beauregard Parish Sheriff's Deputy Aaron P. Broussard. At the time of filing, plaintiff was a prisoner at the Beauregard Parish Jail. He has since been released from custody.

In response to plaintiff's Motion to Appoint Counsel [doc. 51], this court located an attorney who was willing to be appointed but only to assist plaintiff in opposing a motion for summary judgment filed by the defendant [doc. 53]. On March 18, 2013, an order was entered adopting the Report and Recommendation denying the motion for summary judgment [doc.58].

With the scope of his appointment having been fulfilled, plaintiff's court appointed attorney moved and was allowed to withdraw. Counsel provided the court with plaintiff's last known address and phone number; however, in his motion counsel also noted he had not had any contact with plaintiff for over six months. Counsel indicated as he was told that plaintiff had moved and left no forwarding address and that a certified letter sent to plaintiff at his last known address was returned to him marked "Return to Sender-Unclaimed-Unable to Forward." Doc. 56, p. 3.

The record reflects that on March 18, 2013, March 25, 2013, and April 8, 2013, correspondence sent to the plaintiff by the court was returned marked "Return to Sender-Refused-Unable to Forward." Docs. 59, 60, 61.

At a scheduling conference held on May 23, 2013, plaintiff failed to call into chambers or participate. Defense counsel relayed to the court his efforts to contact plaintiff and correspondence received from defense counsel [doc. 66] further establishes that plaintiff cannot be reached at the phone numbers provided by him, has left his last known address, and has failed to apprise the court of his whereabouts.

Therefore, according to Local Rule 41.3W the undersigned recommends that this case be dismissed for failure to prosecute.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglas v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

THUS DONE this 6th day of June, 2013.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE